## OVERLY v. OVERLY et al.
### Civil Action No. 2733.

District Court, W. D. Pennsylvania.

Feb. 20, 1945.

Karl D. Enzian and Rahauser, Van Der Voort & Royston, all of Pittsburgh, Pa., for plaintiff.

Moorhead & Knox, of Pittsburgh, Pa., for defendants Elmer Overly and Elmer Overly, trustee.

Elder W. Marshall and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants Alice R. Wehe, Herbert W. Wehe, and Overly Mfg. Co.

McVICAR, District Judge.

This action is before the Court on a motion by each of the four defendants to dismiss the complaint. The only reason argued in support thereof was, in substance, that the complaint, as amended, fails to state a claim upon which relief can be granted. It was agreed at the oral argument that the statute of frauds was not to be considered in the disposition of the motions.

The complaint avers a trust in stock of the Overly Manufacturing Company in which Elmer Overly, defendant, was the

trustee; that he held said stock in trust for the plaintiff, and also, for a brother and a sister; that he, Elmer Overly, had violated said trust, the part that Herbert W. Wehe had therein, and that the trustee had sold all, or a part of said stock to Alice R. Wehe, one of the defendants. Relief was sought against Elmer Overly, defendant, by injunction, from selling any of said stock; that he be removed as trustee; that the trust agreement be construed; that he make discovery as to the whereabouts of said stock and that he be required to render an accounting. Relief was sought against the Overly Manufacturing Company in that it be required to disclose the stock transfers made by Elmer Overly, and that it be enjoined from making future transfers. Relief was sought against Herbert W. Wehe and Alice R. Wehe by injunction, from selling or encumbering the stock held by them, or either of them; that they be required to disclose their stock holdings, joint or several, the details of the acquisition of said stock, and that they be required, under certain circumstances, to account for all stock owned by them. General relief was sought against all defendants.

Rule 1 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 7 (c) provides that "Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used." Rule 16, relating to Pre-trial Procedure, provides that "the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider" inter alia "(2) The necessity or desirability of amendments to the pleadings;" Rule 19 (b) provides, "When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action."

■ In the consideration of the motions now before us, all averments of fact in the complaint, as amended, are admitted.

■ In my opinion, the complaint avers a cause of action against Elmer Overly, defendant; also, that the Overly Manufacturing Company is a proper party defendant. It is not clear that complete relief can be had by the plaintiff against Elmer Overly and the Overly Manufacturing Company without a joinder of Herbert W. Wehe and Alice R. Wehe; also, whether plaintiff is entitled to discovery against these parties. I am, therefore, of the opinion that the motions to dismiss made by Elmer Overly and the Overly Manufacturing Company should be refused; that the motions to dismiss made by Herbert W. Wehe and Alice R. Wehe should be refused without prejudice to these defendants, or either of them, from raising the same question or questions raised in their motions at the trial of this action.

Let motions be prepared and submitted in accordance with this opinion.